Paul M. Levine (007202)
Matthew A. Silverman (018919)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
(602) 230-8726

Attorneys for Movant,
IndyMac Bank, FSB, its successors and/or assigns

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>Arizona Residential Property Purchasers, L.L.C.,<br><br>         Debtor(s).<br>_____<br>IndyMac Bank, FSB, its successors and/or assigns,<br><br>         Movant,<br><br>  v.<br><br>Arizona Residential Property Purchasers, L.L.C., Debtor(s),<br><br>         Respondents.<br>_____ | In Proceedings Under<br><br>Chapter 11<br><br>Case No. 07-00821-RTB<br><br>**AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

      IndyMac Bank, FSB, its successors and/or assigns ("Movant"), by and through its undersigned attorney, moves for termination of all stays and injunctions, pursuant to 11 U.S.C. § 362(d), 11 U.S.C. § 105, Bankruptcy Rules 4001 and 9014 and Local Rule 4001, regarding the real property generally described as 722 West Yavapai Lane, Lakeside, AZ 85929.

| | |
|---|---|
| 1 | The relief requested in this Motion is proper for all of the reasons set forth in the |
| 2 | |
| 3 | Memorandum of Points and Authorities attached hereto and incorporated herein by this |
| 4 | reference. |
| 5 | DATED: November 28, 2007 |
| 6 | |
| 7 | **McCarthy ◆ Holthus ◆ Levine** |
| 8 | |
| 9 | By: /s/ Matthew A. Silverman, Esq. |
| | Paul M. Levine |
| 10 | Matthew A. Silverman |
| | 3636 North Central Avenue |
| 11 | Suite 1050 |
| 12 | Phoenix, AZ 85012 |
| | Attorneys for Movant |

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On or about 02/27/2007, Debtor(s) filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings against the Debtor(s) or any act to obtain possession of any property of the Debtor(s) or to enforce any lien against any property of the Debtor(s).

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014. Pursuant to Local Bankruptcy Code 4001(b), Movant sent notice to the Debtor or Debtor's counsel.

3. On or about 08/25/2005, Movant entered into a contract with Debtor(s) wherein Debtor(s) agreed to pay the amount of $1,194.50, or more, on or before the first day of every month, beginning on or about 9/01/05. The obligation is evidenced by a Note and secured by a Deed of Trust. **See Exhibit "1"**.

4. The Deed of Trust was timely and duly recorded and perfected in accordance with Arizona law as recorders no.2005 - 25330 in the office of the Navajo County Recorder.

5. Movant is the holder of the Note and owner of the beneficial interest in the Deed of Trust and is the real party in interest.

6. The original principal amount of the Note was $164,000.00, plus interest, costs and attorneys' fees for collection. Currently, but for the defaults in acceleration, the monthly payment pursuant to the Note would be $1,194.50.

7. The Debtor(s) has/have failed to make monthly payments, beginning with the month of 1/01/07 , and all subsequent payments, costs, attorneys' fees, interest and accruing late charges. Debtor(s) has/have been in default for 11 months.

8. As of 11/26/2007, the amount required to fully reinstate the Debtor's/Debtors' loan post-petition is approximately $15,693.01, itemized as follows:

| | |
|---|---|
| Unpaid Principal Balance: | $ 164,000.00 |
| **PRE-PETITION DELINQUENCIES:** | |
| Monthly Payments: 11 at $1,194.50 1/1/07 through 11/1/07 | $ 13,139.50 |
| Escrow Advance: | $672.26 |
| Property Inspection: | $45.00 |
| Accrued Late Charges: | $461.25 |
| BPO Fees: | $475.00 |
| Prior Bankruptcy Fees and Costs: | $200.00 |
| Attorney's Fees & Costs | $700.00 |
| Total Delinquencies: | $ 15,693.01 |
| Total Amount Due to Secured Creditor: | $ 179,693.01 |

9. Pursuant to the Note, Movant has declared the entire unpaid balance of principal and accrued interest, plus all other amounts owed, to be immediately due and payable. As of 11/26/2007, the principal amount owing on the Note secured by the Trust Deed is $164,000.00.

10. Movant has performed all of its obligations required under the Note and Deed of Trust, and all conditions precedent to the Debtors' performance thereunder have occurred.

## MOVANT IS NOT RECEIVING ADEQUATE PROTECTION

11. Pursuant to 11 U.S.C. § 362 subd. (d)(1), Movant is entitled to relief from the automatic stay to enforce its lien for cause, including lack of adequate protection of any interest in the property. Movant is entitled to adequate protection for the present value of the collateral in the form of monthly payments.

12. The Moving Party further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or

written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

13. Failure to make regular monthly mortgage payments can constitute cause for lifting the stay. The debtor has the burden of showing there is no cause to terminate the stay. <u>In re Ellis</u>, 60 B.R. 432 (9th Cir. BAP 1985). Where cause is shown, courts have no discretion, but <u>must</u> grant relief. <u>In re Ford,</u> 36 B.R. 501 (Dt 1983). Movant has not been provided adequate protection, inasmuch as monthly payments have been in default since 1/01/07, as more fully set forth in paragraph 8.

14. Movant is not adequately protected. Movant is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(1).

### **DEBTORS HAVE / DEBTOR HAS NO EQUITY IN THE PROPERTY AND THE PROPERTY IS NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION**

15. Pursuant to 11 U.S.C. § 362 subd. (d)(2), Movant is entitled to relief from the automatic stay to enforce its lien if Debtor(s) has/have no equity, and the Property is not necessary for an effective reorganization. Unless a reorganization is contemplated and feasible, a creditor is entitled to relief from the automatic stay if the Debtor(s) has/have no equity in the Property. <u>In Re Diplomat Electronics Corp.</u>, B.R. 688 (Bank S.D.N.Y. 1988).

16. The Moving Party further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or

written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

17. Movant requesting relief from the stay has the burden of proof on only one issue. That is the issue of the Debtor's/Debtors' equity in the Property. On all other issues, any party opposing relief has the burden of proof. 11 U.S.C. § 362(g). Unless a party opposing relief produces evidence on these points, Movant is entitled to relief without presenting any evidence whatsoever. Gauvin v. Wagner (In re Gauvin), 8 C.B.C. 2nd 359, 361; 10 BCD 219; 24 B.R. 578 (9th Cir. BAP 1982). Moreover, if a party opposing relief alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proof even on the issue of equity.

18. Upon information and belief, the Debtor(s) has/have no equity in the subject Property and the subject Property is not necessary for an effective reorganization.

19. Secured Creditor is informed and believes, and alleges thereon that the value of the property does not exceed $250,000.00, as set forth in the attached Brokers Price Opinion prepared 5/18/2007. **See Exhibit "2".** Based upon Secured Creditors past practices, it is expected that the cost of sale of the property will be at least eight to ten percent of the value of the property.

20. Other than Movant's Deed of Trust, the subject Property is also encumbered by a Second Deed of Trust in favor of Specialized Load Services in the approximate amount of $42,321.00 as set forth in Debtor's/Debtors' Schedule D. **See Exhibit "3".**

21. Other than Movant's Deed of Trust, the subject Property is also encumbered by a Third Deed of Trust in favor of Foundation in the approximate amount of $63,233.00 as set forth in Debtor's/Debtors' Schedule D. **See Exhibit "3".**

22. In determining whether there is equity, all encumbrances on the Property,

including costs and attorney's fees, must be considered. In Re McCall, 25 B.R. 199 (Bank E.D. PA 1982). In addition, the valuation assigned to the subject Property must be reduced by an amount sufficient to cover the creditor's estimated cost of liquidating the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates (In re Rancho El Cajon Associates), 18 B.R. 283 (Bank. S.D. Cal. 1982). In the present case, the Debtor(s) has/have little or no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Movant herein and the other liens as noted in this Motion.

| | |
|---|---|
| Value | $ 250,000.00 |
| Total Liens to Secured Creditor | $ 179,693.01 |
| Third Trust Deed | $ 63,233.00 |
| Second Trust Deed | $ 42,321.00 |
| Less 8% Cost of Sale: | $ 20,000.00 |
| Equity | $ (55,247.01) |

23. Based on the foregoing, Movant alleges that there is no equity in the subject Property and the Property is not necessary for an effective reorganization. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(2).

24. Pursuant to Local Rule 4001(b), Movant sent notice.

## CONCLUSION

1. Movant's claim is in default and unpaid by Debtor(s).

2. Movant's only form of redress is to look to the secured property.

3. Costs, attorneys' fees and interest continue to mount on Movant's claim, thus completely eroding any and all equity that may be claimed by Respondent.

4. This property is not required for any reorganization.

5. Movant is not adequately protected.

6. Movant is a secured creditor who is at dangerous peril of becoming undersecured as a result of the stays which enjoin Movant from foreclosing its lien. Therefore, pursuant to 11 U.S.C. § 362(d)(2), this Motion should be granted to avoid further erosion of Movant's secured lien position.

## REQUEST FOR RELIEF

WHEREFORE, Movant requests that the Court enter its Order granting the following relief:

A. Terminating all stays and injunctions including, but not limited to, the automatic stays under Bankruptcy Code § 362(a)(2) and 105 with respect to the property which is described herein as to the Movant only;

B. For Movant's reasonable attorneys' fees and costs and interest herein incurred and expended; and

C. For such other and further relief as the Court deems just and equitable

DATED: November 28, 2007

                        **McCarthy ◆ Holthus ◆ Levine**

                        By: /s/ Matthew A. Silverman, Esq.
                            Paul M. Levine
                            Matthew A. Silverman
                            3636 North Central Avenue
                            Suite 1050
                            Phoenix, AZ 85012
                            Attorneys for Movant

On November 28, 2007, I served the foregoing documents described as **AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**, on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

DEBTOR(S)
Arizona Residential Property Purchasers, L.L.C.
5050 North 8th Place, Suite 6
Phoenix, AZ 85014

SPECIAL NOTICE
Josephine E. Piranio
525 E. Main Street, P.O. Box 12289
El Cajon, CA 92022-2289

Randy Nussbaum, Esq.
14500 N. Northsight Blvd., Suite 116,
Scottsdale, AZ 85260

Moss Codilis, L.L.P.
Specialized Loan Servicing
8742 Lucent Blvd Suite 300,
Highlands Ranch, CO 80129

JUNIOR LIEN
Specialized
PO Box 650305

JUNIOR LIEN
Foundation
Attn. Adam Riding
4518 N. 32nd Street
Phoenix AZ 85018

20 Largest Unsecured Creditors
Vansickle
c/o Lloyd F. Van Sickle
5626 E. Edgemont Avenue
Scottsdale AZ 85257-1026

| | |
|---|---|
| 1 | Joseph's Appraisal Group |
| 2 | 1641 E. Osborne Road, Suite 8 |
|   | Phoenix  AZ  85016 |
| 3 | |
| 4 | William A. Swanson |
|   | 183 Athena Place |
| 5 | Fort Mill  SC  29715 |
| 6 | Sue Young |
| 7 | PO Box 2795 |
|   | Cedar City  UT  84720 |
| 8 | |
| 9 | Don Scott |
|   | c/o Donald K. Scott |
| 10 | PO Box 2697 |
|    | Sequim  WA  98392 |
| 11 | |
| 12 | Bill Archibald |
|    | 1730 S. 80th Street |
| 13 | Omaha NE 68124 |
| 14 | E. Wallace |
| 15 | 10515 W. Tropicana Circle |
|    | Sun City  AZ  85351 |
| 16 | |
| 17 | Bill and Jo Anne Archibald |
|    | 1730 S. 80th Street |
| 18 | Omaha  NE  68124 |
| 19 | Perlmutter Family Rev. Trust |
|    | Steven Perlmutter |
| 20 | 14227 N. 69th Place |
| 21 | Scottsdale  AZ  85254 |
| 22 | Steve Vario |
| 23 | 539 E. Duane Avenue |
|    | Sunnyvale  CA  94085 |
| 24 | |
| 25 | Steve Boll |
|    | 100 E. Hackberry, Lot 31 |
| 26 | McAllen  TX  78501 |
| 27 | AFCS-Income Account |
| 28 | Attn: Adam Riding |
|    | 4518 N. 32nd Street |
| 29 | Phoenix AZ 85018 |

Bradley & Brian Stephens Trust
c/o Beverly Stephens
PMB 211
2436 S. I-35E, #376
Denton TX 76205

Tom Janada
8503 Oahu Circle
Papillon  NE  68046

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

       /s/  Rebekah Mckillip